UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MIRACLE HURSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04890-TWP-DLP |
| | ) | |
| INDIANA GAMING COMPANY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTIONS**

This matter is before the Court on Plaintiff Miracle Hurston's ("Plaintiff") two additional Motions to Proceed *in Forma Pauperis* on appeal (Filing No. 323; Filing No. 325) and two Motions for Reconsideration (Filing No. 324; Filing No. 326). For the following reasons, Plaintiff's Motions are **denied**.

**I.      DISCUSSION**

On January 11, 2023, Plaintiff filed a notice of appeal (Filing No. 309) and simultaneously filed a motion to proceed *in forma pauperis* on appeal (Filing No. 310). Plaintiff provided very little information in his *in forma pauperis* motion, and he did not affirm, attest, or swear to the facts alleged in the motion. Based on the limited information provided by Plaintiff and the lack of affirmation, the Court denied without prejudice to refile Plaintiff's initial motion to proceed *in forma pauperis* on appeal (Filing No. 313). The Clerk of Court also provided to Plaintiff a blank copy of the form "Application to Proceed Without Prepaying Fees or Costs on Appeal" to assist him in his request.

On January 20, 2023, Plaintiff filed a second motion to proceed *in forma pauperis* on appeal (Filing No. 318). In this second motion, he explained that (1) he is self-employed and

currently receiving SNAP benefits; (2) his business has not yet fully recovered as a result of the pandemic; (3) due to the untimely death of his daughter's mother, he is a single parent; and (4) he was in a relationship and his partner was financially well off, but that relationship ended, so he no longer can afford "recreational things such as gambling [and] expensive restaurants." The Court determined that granting *in forma pauperis* status on appeal was not appropriate (*see* Filing No. 320) because Plaintiff affirmed in his motion that he has only $630.00 in total monthly household expenses, which is $348.00 less than his monthly income of $978.00. He also affirmed that he does not expect a change in his income or expenses, and he is receiving government assistance food benefits to take care of his food needs. And he affirmed that he has $65.00 cash and $365.00 in a checking account, and thus sufficient funds to pay his filing fee.

After the Court denied his second motion to proceed *in forma pauperis* on appeal, Plaintiff filed the pending two Motions for Reconsideration and two Motions to Proceed *in Forma Pauperis* on appeal. He now claims that his monthly household expenses actually amount to $1,008.00, rather than $630.00, because he did not include in his initial motions $60.00 for transportation and $318.00 for child support obligations. Plaintiff argues that it "goes without saying" that his income and expenses would change because he will soon have full custody of his daughter. He also asserts that he "left out expenses" in his initial motions because he was "rushed" to "just quickly get the information to the Court." He asserts that he has only $430.00 cash on hand, so he cannot afford the appellate filing fee.

Responding in opposition to the Plaintiff's Motions, Defendant Indiana Gaming Company, LLC ("Defendant") points out that Plaintiff explained in his initial motion under the penalties for perjury that his monthly expenses are $630.00, and he did not expect a change in his income or expenses, and now he asserts his expenses are $1,008.00. Defendant further points out,

> [P]er Court Order, Plaintiff received **$2,500.00** in this matter on December 14, 2022, which was two weeks after the November 28, 2022, summary judgment order had been entered and two weeks before the notice of appeal was to be filed. The record demonstrates Plaintiff knew he was going to appeal the final judgment entered November 28, 2022, and could have chosen to use the $2,500.00 for the appellate filing fee.

([Filing No. 331 at 2](#).)

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used where the Court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

The purpose of a motion for reconsideration is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

Furthermore,

> Motion practice is not an exercise in trial and error or maybe-maybe not where a party can reserve arguments to present later if earlier ones fail. The Court is entitled to assume that, if [a party] had viable arguments to support its claim, it would have presented them. The Court will not conduct [a party's] research and build [the party's] analysis in order to find facts and law to support [the party's] own claims.

3

*Brownstone Publ'g, LLC v. At&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009). A motion to reconsider "is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Id*.

The Court's Order denying *in forma pauperis* does not have any manifest errors of law or fact, so there is no error to correct to warrant reconsideration of the Order. According to Plaintiff, he "will soon have full custody"—but does not yet have full custody of his daughter, so that circumstance does not affect his ability to presently pay the filing fee. Furthermore, there is no newly discovered evidence to warrant reconsideration. Rather, Plaintiff chose to wrongfully withhold from the Court relevant information regarding his expenses when he submitted his first two motions for *in forma pauperis* status.[1] He already knew about his transportation expenses, and he already knew about his many-years child support expense when he filed his initial motions, but he concealed that information. This information is not newly discovered evidence. There is no legal or factual basis that warrants reconsideration. Additionally, Defendant is correct that Plaintiff recently was awarded $2,500.00 from the Defendant. Plaintiff does not meet the standard for *in forma pauperis* status.

When the district court denies a party's motion for leave to proceed *in forma pauperis* on appeal, the party may file a motion in the court of appeals.

> A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

Federal Rule of Appellate Procedure 24(a)(5).

---

[1] Plaintiff is admonished for failing to be fully honest in his motions and is warned that sanctions are possible when a party conceals relevant information—he did not report the $2,500.00 award he recently received.

## II.     CONCLUSION

For the foregoing reasons, Plaintiff's Motions to Proceed *in Forma Pauperis* on appeal ([Filing No. 323](#); [Filing No. 325](#)) and Motions for Reconsideration ([Filing No. 324](#); [Filing No. 326](#)) are **DENIED**.

**SO ORDERED.**

Date:  2/7/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Miracle Hurston
1812 Grand Avenue
Middletown, OH 45044

Catherine A. Breitweiser-Hurst
JOHNSON & BELL, PC
breitweiserhurstc@jbltd.com

Edward W. Hearn
JOHNSON & BELL, PC
hearne@jbltd.com