UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MIRACLE HURSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| 1:26-cv-1215v. | ) | No. 1:19-cv-04890-TWP-TAB |
| | ) | |
| INDIANA GAMING COMPANY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION FOR RULE TO SHOW CAUSE**

Defendant Indiana Gaming Company, LLC asks the Court to order Plaintiff Miracle Hurston to appear and show cause for why he should not be held in contempt for his failure to pay an award of taxable costs. [Filing No. 372.] Plaintiff opposes the motion and argues that he cannot afford the payments and that Fed. R. Civ. P. 69, as opposed to civil contempt proceedings, is a more appropriate mechanism for collection. [Filing No. 373.] The Court agrees that contempt proceedings are improper at this time. Defendant's motion for rule to show cause [Filing No. 372] is denied.

By way of background, Plaintiff's claims did not survive summary judgment. Under Fed. R. Civ. P. 54(d)(1), the Court awarded Defendant $1,832.95 in taxable costs against Plaintiff, the non-prevailing party. [Filing No. 338.] To date, Plaintiff has paid $75 toward these costs. Defendant has filed two motions for proceedings supplemental. On October 27, 2025—the day set for a second hearing on proceedings supplemental—the parties agreed that Plaintiff would pay $75 per month toward the costs award. The Court vacated the proceedings supplemental hearing and approved the parties' agreement. [Filing No. 371.] Plaintiff has made no further payment. Defendant now asks the Court to initiate civil contempt proceedings against Plaintiff.

Plaintiff argues that contempt proceedings are improper because the costs award "was not imposed as punishment for contempt, discovery misconduct, violation of Federal Rule of Civil Procedure 11, violations of 28 U.S.C. § 1927, or other litigation misconduct," and execution under Fed. R. Civ. P. 69 is the "ordinary means of enforcing money judgments." [Filing No. 373, at ECF p. 2-3.] Rule 69(a)(1) states, "A money judgment is enforced by a writ of execution, unless the court directs otherwise." Litigants seeking to collect on money judgments—such as Defendant's award of taxable costs—should utilize Rule 69, not contempt proceedings. *See Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 980 (11th Cir. 1986) ("[W]hen a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt."); *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 516 (9th Cir. 1992) ("[M]oney judgments may not be enforced by the imposition of contempt sanctions[.]"); *12 Wright & Miller's Federal Practice and Procedure* § 3011 (3d ed. 2026) ("As a general matter, debtors' prison has been abolished in this country, and a money judgment is not a personal order to the defendant that is enforceable by contempt[.]"). Contempt proceedings are more appropriate when a party has failed to pay a Court-ordered sanction—which the taxable costs award is not. *See Cleveland Hair Clinic, Inc. v. Puig*, 106 F.3d 165, 166 (7th Cir. 1997) ("Use of the contempt power is an appropriate way to enforce a sanction for misconduct, which is not an ordinary money judgment.").

Additionally, Plaintiff argues that, even if contempt proceedings were an appropriate mechanism for enforcing the October 2025 Court-approved agreement, he has not acted in contempt of Court because his failure to pay was not willful, rather he has been financially unable to do so. Under *U.S. v. Rylander*, 460 U.S. 752, 757 (1983), an inability to comply with an order is a defense to a charge of civil contempt. In support of his alleged inability to pay,

Plaintiff filed an affidavit of indigency, which Plaintiff executed and filed in February 2026 in a state court action involving the same parties. [Filing No. 373-1.] The limited income and household expenses outlined in the affidavit leave no room for the modest payments required by the agreement.[1] Plaintiff states that his financial circumstances have not substantially improved since February 2026 and supports his claim of indigency with documentation showing his Medicaid eligibility. Plaintiff denies having any liquid assets. Thus, Plaintiff has shown an inability to pay $75 each month as required by the parties' agreement.

## I. Conclusion

Accordingly, Defendant's motion for rule to show cause [Filing No. 372] is denied. Defendant's remedies are more properly pursued, if at all, through Rule 69.

Date: 10/20/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

MIRACLE HURSTON
1812 Grand Avenue
Middletown, OH 45044

[1] Defendant argues that the budget shows a sufficient surplus to cover the monthly payment. [Filing No. 376, at ECF p. 2.] After paying $989 for housing, $150 for utilities, $75 for transportation, $275 for insurance, $545 for a mortgage loan, $148 for child-related expenses, and $123 for food, Plaintiff would have $95 remaining. However, the budget contains no line for unavoidable incidentals, such as uncovered medical expenses, unexpected school expenses, or the replacement of basic necessities, and the $123 budgeted monthly for food seems unrealistic. Thus, Defendant's argument that the budget contained in the affidavit of indigency shows an ability to pay $75 each month is not well taken.